No. 9357.

JOHN CHAFFE & SONS VS. D. D. DeMOSS AND WIFE.

In an action by a judgment creditor, for the simulation of a purchase of property, which he alleges to be that of his debtor, the value of the property, and not the amount of the judgment sought to be executed thereon, is the real matter in dispute.

A married woman, duly separated in property from her husband, has the legal right to purchase property for her own and separate account, either for cash or on terms of credit—and property thus purchased, becomes her paraphernal estate. The burden of proving the invalidity of such purchases, is on the party attacking the same.

APPEAL from the Eighth District Court Parish of Madison. Doloney, J.

H. P. *Wells* and *John B. Stone* for Plaintiffs and Appellants.

*Farrar & Spencer* for Defendants and Appellees.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs' object, by means of this suit, is to obtain a judgment declaring the purchase of a plantation by the wife of DeMoss to be a nullity and a simulation, and that the purchase was really made for the husband, who is their judgment debtor in the sum of $1679.86. Hence they seek to execute their judgment on said plantation, which the record discloses is worth about $6000.

Appellee's contention is that this Court is without jurisdiction, for the reason that the amount of the judgment, which is the matter in dispute, is less in amount than the lower limit of our jurisdiction. They are in error; the real matter in dispute is the validity of the defendant wife's title to property of the value of $6000. A judgment in their favor would strip the wife of her title to the property in question *in toto*; a judgment in her favor would confirm her title. Under

no circumstances, could the validity of plaintiffs' judgment be affected by the final determination of the issues presented by the pleadings in the present controversy.

Appellees can obtain no support of their theory from the two cases which they quote: Loeb & Bloom vs. Arent, 33 Ann. 1086 ; Zuberbier & Behan vs. Morse, recently decided, and not yet reported.

Both of those cases were instances of the revocatory action, in which the matter in dispute is the right of the seizing creditor to subject the property to the execution of his judgment, without necessarily effecting the status of the property as to third parties.

As stated above, in the present case, which is practically the action in declaration of simulation, a judgment would determine the title to the property as to the whole world.

The motion in this case is governed by the considerations which prevailed in the case of the State ex rel. Bloss vs. Judges of Court of Appeals, 33 Ann. 1351.

The motion to dismiss is therefore denied.

### On the Merits.

The following are the salient facts in the controversy :

On the 20th of July, 1875, Mrs. DeMoss obtained a judgment of separation of property, and for four hundred dollars, against her husband. It was duly published, and was followed by execution in November of the same year.

The Crescent plantation, heretofore owned by the husband, was seized at the instance of G. M. Klein, in August, 1875, and adjudicated to H. R. Lucas, who in February following sold the same to Mrs. DeMoss for the sum of $6009.10 wholly on terms of credit.

The purchase price was subsequently paid to Lucas in full and by instalments, and partly by the proceeds of cotton raised on the land, and the balance by a loan from another party on mortgage not yet satisfied.

As it is now well established in our jurisprudence that a married woman, duly separated in property from her husband, can purchase property, either for cash or on terms of credit, and that property thus acquired is her separate and paraphernal estate, it follows that plaintiff must fail in this case, unless the evidence shows that the judgment of separation is a nullity, or that there was fraud or other elements of simulation in the purchase by the wife.

In their pleadings they allege the nullity of the judgment, but the record is barren of any evidence in support of their allegation ; and the ground is virtually abandoned, as their counsel made no reference

thereto, either in their oral argument, or in their brief. The judgment is shown to be valid.

The only suspicious circumstance disclosed by the record in connection with the reality of the wife's purchase, is the fact that, in a written contract between plaintiffs and the defendant husband, in the year 1877, the latter is described as the owner of the Crescent Plantation now in litigation. But the wife was not a party to that instrument, and hence she could not be bound by the declaration, which might, at most, involve her husband as the perpetrator of a fraud; but her titles, if otherwise real and legal, could not be affected thereby.

But, in point of fact, the advances which DeMoss secured from plaintiffs, and which were the subject-matter of the contract referred to, were used by him on another plantation which he leased and cultivated during that year. A careful examination of the record has satisfied us that the *bona fide* intention of Lucas, the vendor, and of Mrs. DeMoss, his vendee, was to make a sale to her, as her separate property, of the plantation which Lucas had bid in at the sheriff's sale in August, 1875, with the lawful intention, and with the avowed purpose of selling it to Mrs. DeMoss, in the manner that the idea was subsequently carried out.

Great reliance is placed by appellees' counsel on the principles announced by this court in the cases of Miller vs. Handy, 33 Ann. 160, and Forbes vs. Layton, 34 Ann. 975.

But in this they must be disappointed. The utterances in both cases applied to purchases made by women not separated in property, but under the *regime* of the community. Hence, neither case has any application to the present discussion, which involves the legal *status* of property purchased by a married woman duly separated in property from her husband.

The conclusions reached by the district judge are correct, and they are also ours.

Judgment affirmed.

BERMUDEZ, C. J. concurs in the decree.